FILED

02/21/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0146

**Supreme Court of the State of Montana,**            **Cause No. DA 22-0146**

I am writing this letter to explain the current situation involving an appeal in Cause Number DA 22-0146. The appeal that was submitted to this court for review was not fully briefed due to inadequate representation by counsel.

My current retained counsel of record on this case is Michael Klinkhammer from Klinkhammer Law Offices in Kalispell, Montana. I did not have money to retain an attorney but my mother Debra Gafford obtained a loan from the equity of her home to secure money to retain counsel for me. Once my Mother obtained the money she hired Mr. Klinkhammer to represent me and provided Mr. Klinkhammer with a $5,000 retainer fee. My Mother never received a receipt for the $5,000 and she only was given a business card with $5,000 written on it.

During the time Mr. Klinkhammer has been representing me, the entire situation has been very difficult. Mr. Klinkhammer is almost impossible to get ahold of and the few times when I am able to make contact with him I get very inconsistent answers from him and it seems like I always get a runaround. I have been told by him that after he filed a Notice of Appearance in my case and represented me in sentencing that it was a conflict of interest to represent me in my appeal. After I asked how it was a conflict I could not seem to get a straight answer out of him. Eventually, he decided that he could represent me in my appeal and he requested, and was provided another $2000 for what he stated was for court transcripts. Shortly after that, his phone was shut off for several months so it would go directly to his voicemail, which was almost always full so no messages could be left. After several months of Mr. Klinkhammer's phone having all calls being sent directly to voicemail, Mr. Klinkhammer finally called my mother and stated that he didn't think he could do my appeal because he did not see any appealable issues and that he would return about half of the money (because he did represent me during my sentencing in this case) to my mother, but said that he did not have any money at the moment. He also stated that he would give all my paperwork (court records) back to me.

As soon as my mother relayed this information to me and due to the constant shiftyness and runarounds, I called Mr. Klinkhammer and my call was once again directly forwarded to his voicemail and I left a message specifically stating that I needed my paperwork back and that I did not want him to file my appeal and to refund my mother the money had given him. After I left the initial message and did not hear from him, I called again and left another very clear message that I did not want him to do my appeal and requested my paperwork back and the money being returned to my mother.

Several months later Mr. Klinkhammer showed up one day to visit me in the Lake County Detention Center and handed me a stack of papers and a spiraled copy of his opening

brief for my appeal. After specifically telling him that I did not want him to represent me numerous times in very clear voice messages on his phone, he filed the opening brief anyways. After Mr. Klinkhammer left, I was examining the Opening Brief he filed and saw that many of the issues that I specifically wanted raised that were preserved in District Court for appeal purposes (that I told Mr. Klinkhammer I wanted raised in previous discussions prior to him being shifty about whether he could or could not file the appeal and myself stating that I did not want him to do my appeal) were not raised in his opening brief. I also felt that the Opening Brief wasn't done adequately.

The next day I called him and was able to leave a message, and the call was returned by Mr. Klinkhammer's paralegal named Tommi. I stated that Mr. Klinkhammer did not raise the issues I wanted in the appeal and I also stated that I didn't want the opening brief he filed in the court and told her that I wanted Mr. Klinkhammer to withdraw the opening brief and withdraw from my case and send my appeal to the Office of Appelate Defenders and Tommi told me that Mike (Mr. Klinkhammer) is one of the best brief writers and that he would finish my appeal and he was going to do it. Mr. Klinkhammer did not withdraw the brief or withdraw from my case as requested.

After Mr. Klinkhammer's opening brief was responded to by the state, Mr. Klinkhammer never provided me with a copy of the states response and I had to ask my other attorney, Jeff N. Wilson, appealing another case in DA 21-0649 to provide me with the State's response to Mr. Klinkhammer's Opening Brief. Mr. Wilson did in fact provide me with a copy of the State's Response and also provided me a letter with a screenshot of the Montana Supreme Court's Register of Actions to make me aware of Mr. Klinkhammer's actions or rather inactions by failing to file an absolutely neccesary Reply Brief in my appeal. (See Exhibit A).

Mr. Klinkhammer did not even attempt to tell me that he did not file a Reply Brief and it seems like he was trying to hide this fact. I have tried to Contact Mr. Klinkhammer regarding him failing to file a Reply Brief in my case and he will not answer my calls. My mother has also attempted to contact Mr. Klinkhammer about this and he has not returned her calls. Without Mr. Wilson providing me the letter with the screenshot of the Montana Supreme Court's Register of Actions, I would never have known that Mr. Klinkhammer did not file a Reply Brief in my appeal and the Montana Supreme Court would have made a ruling based upon an incomplete appeal.

Mr. Klinkhammer filed an opening brief in my case and failed to file a reply brief after I specifically told him not to even do my appeal and requested that he remove himself from my case. There is no logical reason why a Reply Brief should not have been filed and I have suffered judicial prejudice due to this failure. The representation that Mr. Klinkhammer has provided me has been completely inadequate considering the obviously apparent circumstances and I have

been dealing with constant runarounds and excuses in the rare times I am able to contact him.

To be very clear in the relief I am requesting, I am respectfully asking the Montana Supreme Court to please vacate the current review of the incomplete appeal, withdraw Mr. Klinkhammer's Opening Brief and the State's Response, remove Mr. Klinkhammer from my case and forward the case to the Office of Appellate Defenders to redo my appeal properly and to completion to prevent a serious miscarriage of justice.

Thank You.

Respectfully,

Tyler Fredrick Erickson

2/9/23



**MONTANA STATE PUBLIC DEFENDER**

**APPELLATE DEFENDER DIVISION**
P.O. Box 200147
Helena, MT 59620
T: (406) 444-9505
Toll Free: (888) 251-6101


EXHIBIT A

February 2, 2023

Tyler Erickson
DOC ID# 3013413
Lake County Detention Center
Polson, MT 59860

LEGAL MAIL – CONFIDENTIAL
ATTORNEY-CLIENT COMMUNICATION

Re: *State v. Erickson*, Montana Supreme Court Case DA 21-0649 (DC-15-227)

Dear Mr. Erickson:

Enclosed with this letter, I am providing a copy of your Appellee Response in DA 22-0146 (the Klinkhammer appeal of your drug conviction involving the informant). Hopefully you can read the small print. As I mentioned on the phone, the Supreme Court's online docket for this case showed Klinkhammer got an extension to file a Reply Brief, but did not file one by the extended deadline, and the Supreme Court 'sent the case to Court,' which I take to mean it considers the case fully briefed. Below is a screenshot of the docket. You should contact Klinkhammer for more information.

PUBLIC VIEW DOCKET

Case Information
**Case Number:** DA 22-0146
**Jurisdiction:** Supreme Court
**Original Court:** Lake County District Court
**Case Type:** Direct Appeal - Dangerous Drugs
**Short Title:** State v. T. Erickson
**Full Title:** STATE OF MONTANA, Plaintiff and Appellee, v. TYLER FREDERICK ERICKSON, Defendant and Appellant.
**Citation:** --
**Case Filing Date:** 03/25/2022
**Origination Court Case Number:** DC 21-143

⊞ Display Party Information

Register of Actions

| Document Description | Filing Date | Document |
|---|---|---|
| Draft - Case Sent to Court | 01/05/2023 | Document ⌄ |
| Order - Grant - Extension of Time - Appellant is granted until 12/29/22 to file the reply brief, no further extensions will be granted | 11/28/2022 | Document ⌄ |
| Motion - Extension of Time - Brief | 11/28/2022 | Document ⌄ |
| Notice - Outgoing - Brief Filed - Appellee's | 11/15/2022 | Document ⌄ |
| Brief - Appellee's Response | 11/15/2022 | Document ⌄ |
| Order - Grant - Extension of Time - Appellee is granted until 11/24/22 to file the response brief | 11/04/2022 | Document ⌄ |
| Motion - Motion and Affidavit for Second extension of time to file Appellee's Brief | 11/04/2022 | Document ⌄ |